**VICKI LANDIS**, Plaintiff, **v. PUEBLO CITY SCHOOLS**, Defendant

CLAIM #  18-1581

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

(Statement of Claims)

May 25,2018

Complaint

**COUNSEL:**  Morton Law Office, P.A.
Tarishawn Morton
3773 Cherry Creek North Drive, Suite 575
Denver, Colorado 80209
PHONE:(720) 434 – 2293, EMAIL: info@MortonLawOfficePA.com
COUNSEL FOR PLAINTIFF.

**DEFENDANT:** EEO/Affirmative Action/Title IX/Section 504 Compliance Officer
315 West 11th Street
Pueblo, Colorado 81003
PHONE:(719) 549-7100, EMAIL: (unknown)

**JUDGES:** (TBD)

**TITLE: COMPLAINT, STATEMENT OF CLAIMS AND DEMAND FOR JURY TRIAL**

**TEXT:** Plaintiff Vicki Landis ("Plaintiff" or "Ms. Landis"), by and through her
undersigned counsel, Morton Law Office, P.A., as and for her complaint in this
action against Pueblo City Schools ("Defendant" or "the District"), hereby
alleges as follows:

   **NATURE OF THE CLAIMS**

   1. This is an action for declaratory, injunctive and equitable relief, as
well as monetary damages, to redress Defendant's unlawful employment practices
and retaliation against Plaintiff, including Defendant's unlawful
discrimination, harassment and retaliation against Plaintiff because of her
race/color, national origin and age, in violation of Section 1981 of the Civil
Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); and Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title [*2]
VII")and Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et
seq. (employment discrimination on the basis of age).

   2. Over the course of Plaintiff's nearly eleven-year employment history with
the District, Defendant repeatedly subjected Plaintiff to unlawful
discrimination because of her race/color, national origin, and age, as well as
to unlawful retaliation. The blatantly hostile work environment at the District
includes the frequent use by Plaintiff's co-workers and direct supervisors to
prevent advancement, refusal to intervene in hostile matters (where requested
and/or appropriate), undermining her authority, interference with her ability to
perform her job requirements, etc..Plaintiff has repeatedly complained about
this and, other discriminatory and harassing misconduct, to the District. In

return she has be subjected to unlawful retaliation designed to constructively discharge her.

3. Defendant's conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, permanent harm to her professional and personal reputation, and severe mental anguish and emotional distress.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII and Section 1981. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

**PARTIES**

6. Plaintiff, Vicki Landis, is a Hispanic woman. From in or around September 2006 to the present (with a short lapse in 2014/2015). Ms. Landis has been employed with Pueblo City Schools in Pueblo, Colorado. At all relevant times, Ms. Landis met the definition of an "employee" under all applicable statutes.

7. Defendant is a school district authorized to conduct business in the State of Colorado with its principle executive office located at 315 West 11th Street, Pueblo, Colorado, 81003. At all relevant times, Defendant owned, operated and maintained the Pueblo City Schools. At all relevant times, Defendant met the definition of an "employer" under all applicable statutes.

**PROCEDURAL REQUIREMENTS**

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On or about February 28, 2018, Ms. Landis filed a Verified Complaint ("the complaint") with the United States Equal Employment Opportunity Commission (the "EEOC") charging the Defendant with unlawful discriminatory employment practices because of her age, national origin, race/color and retaliation. On March 29, 2018, the EEOC rendered a determination.

10. On March 29, 2018, the EEOC issued Ms. Landis a notice of right to bring suit in federal district court based on the allegations of unlawful discrimination on the basis of age, race/color and national origin set forth in the February 28, 2018 Complaint.

11. On March 29, 2018, the EEOC issued Ms. Landis a notice of right to bring suit in federal district court based on the allegations of unlawful retaliation set forth in the February 28, 2018 complaint.

12. This action has been filed within 90 days of Plaintiff's receipt of her right-to-sue letters from the EEOC.

13. Prior to the commencement of this action, a copy of this Complaint was served on the Defendant, thereby satisfying the notice requirements of § AO 398 (Rev. 01/09) of the Colorado Administrative Code.

14. Any and all other prerequisites to the filing of this suit have been met.

**FACTUAL ALLEGATIONS**

**I. Background**

15. Vicki Landis is a hard-working 49-year-old Hispanic woman who has worked as an ESS teacher, Assistant Principal/Administrator and ESS Specialist for nearly a decade, regularly working six or seven days per week and outside of normal business hours to support her family. Ms. Landis holds both a bachelor's and master's degree in Education (with an emphasis in Education), a Principal's license and, 140+ hours toward her PhD. She is a conscientious and reliable employee who at all times performs her duties in an exemplary manner and generally gets along well with her colleagues and supervisors. Ms. Landis' role, at Pueblo City Schools, often puts her in circumstances where, she must (by law) advocate for students with special needs. This places her in conflict with other Pueblo City School leaders periodically, and is likely part of the hostility she experiences. Until she started working at Pueblo City Schools, Ms. Landis was in good health mentally, physically and emotionally.

16. Ms. Landis began working at Pueblo City Schools on September, 2006 when she accepted a position as an ESS Teacher. She currently works as a ESS Specialist for the District.

17. As set forth in greater detail below, throughout her employment with the District, Ms. Landis has been subjected to a shocking barrage of discrimination based on her age, race/color and national origin. Despite Ms. Landis' many written complaints and pleas for the District to bring an end to the discriminatory conduct committed against her, by her supervisors, subordinates and co-workers, the district has turned a blind eye to her increasingly desperate plight.

**II. Discrimination on the Basis of Race/Color and National Origin**

18. Throughout her employment for the District, Ms. Landis has been singled out by other employees and managers for the District – including her direct supervisors – who have subjected her to a constant barrage of discrimination, threats and intimidation because she is Hispanic.

19. For example, white men and women, with lesser experience, training, skills and/or education than Ms. Landis, have been given numerous advancements and/or newly hired. Her past and recent attempts at advancement have resulted in immediate denial, while largely underqualified white women have been promoted/hired.

20. When the District failed to investigate and did not attempt to prevent other employees from engaging in similar unlawful discriminatory conduct, more white applicants have been promoted or hired in her place.

21. In addition to enduring discriminatory acts, Ms. Landis' supervisors have permitted white men and women, who are equal to her in position and/or her under her supervision to undermine her authority, disrespect her and be aggressive toward her.

22. Ms. Landis has also been subjected to intimidation from white supervisors who work in a concerted effort to prevent her from making complaints, protecting the students she serves and/or advocating for student's rights. Other non-white staff have joined in this effort and work to prevent her rightful advancement.

23. When Ms. Landis has unable to obtain relief, despite her repeated complaints (verbal and written), through her immediate supervisor, who had spoken with the Director of Human Resources (Eric DeCesaro). To date these

complaints have been met with dismissive comments, failure to investigate and, continued (at in some instances increased) hostile behavior. No employee has been subject to meaningful discipline in connection to her mistreatment. This is in stark contrast to the response to white staff complaints.

24. Ms. Landis has also experience instances where she enters into a training, full of predominately white staff, and has been ousted, publicly humiliated and reprimanded. This, although she, like the white staff, was an invitee.

24. After realizing that the District would not intervene on her behalf, Ms. Landis was forced to seek training, mentorship, employments, etc.. outside of the District. This was at her expense.

25. The District's failure to investigate and take prompt remedial action in response to these and other complaints by Ms. Landis was in violation of its own written employment policies.

26. The District's failure to provide an equal opportunity, for advancement, to all race, colors and nationalities is also a violation of its own written employment policies and Federal Law.

### III. Discrimination on the Basis of Age

27. Ms. Landis is now 49 years of age.

28. The District has repeatedly chosen younger(and typically less qualified) candidates, for roles Ms. Landis is qualified and licensed for, year-after-year. For example, this upcoming school year (2018/2019) only candidates younger than Vicki were hired; Vicki was not given the opportunity to even interview beyond the preliminary stages.

29. The District's failure to investigate and take prompt remedial action in response to these and other complaints by Ms. Landis was in violation of its own written employment policies.

30. The District's failure to provide an equal opportunity, for advancement, to all ages is also a violation of its own written employment policies and Federal Law.

### IV. Unlawful Retaliation Committed Against Ms. Landis

31. After her repeated complaints to her supervisors, Human Resources and the Assistant Superintendent failed to stop the discriminatory conduct, Ms. Landis enlisted the assistance of the EEOC, and filed a complaint asserting claims of discrimination on the basis of age, race/color and nationality. Despite Ms. Landis' initiation of formal legal proceeding, the District has not conducted a serious investigation into her claims or taken appropriate disciplinary action against the District employees and supervisors who have continued to discriminate against Ms. Landis.

32. Moreover, the District unlawfully retaliated against Ms. Landis for filing her complaint. By way of example only, Ms. Landis direct supervisors have made threats to give her poor evaluations, reprimanded her, forced her to work in a separate location from her teammates (isolating her), refused to allow her required training, permitted unsupported formal Union action against her, and denied all attempts at professional advancement. The District has provided no reasonable explanation for its in/action.

33. Additional acts of discrimination and harassment were committed against Ms. Landis as part of the District's campaign of unlawful retaliation.

**FIRST CAUSE OF ACTION**

**(Discrimination in Violation of Section 1981)**

34. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 33, inclusive, as if set forth herein.

35. Defendant has discriminated against Plaintiff on the basis of her race/color (Hispanic) in violation of Section 1981 by denying her the same terms and conditions of employment available to employees who are not Hispanic, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of a unlawfully hostile workplace.

36. Defendant has discriminated against Plaintiff on the basis of her race/color in violation of Section 1981 by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive embarrassment of the Plaintiff because of her race/color.

37. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as sleeplessness, for which she is entitled to an award of monetary damages and other relief.

**SECOND CAUSE OF ACTION**

**(Retaliation in Violation of Section 1981)**

38. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 33, inclusive, as if fully set forth herein.

39. Defendant has retaliated against Plaintiff in violation of Section 1981 for opposing and/or complaining of Defendant's discriminatory practices against herself and students under her care by, inter alia, subjecting Plaintiff to acts of discrimination, transferring Plaintiff to locations away from her team, disregarding her complaints and refusing her opportunities for advancement (to include training necessary to for promotion, although other, less qualified staff have been provided said training and, immediately denying applications for supervisory roles).

40. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical sleeplessness, for which she is entitled to an award of monetary damages and other relief.

**THIRD CAUSE OF ACTION**

**(Discrimination and Harassment in Violation of Title VII)**

41. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 33, inclusive, as if fully set forth herein.

42. Defendant has discriminated against Plaintiff on the basis of her race/color (Hispanic) and/or national origin (Mexican-American) in violation of Title VII by denying her the same terms and conditions of employment available to employees who are not Hispanic and/or Mexican-American, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

43. Defendant has discriminated against Plaintiff on the basis of her race/color and/or national origin in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive embarrassment of the Plaintiff because of her race/color.

**FOURTH CAUSE OF ACTION**

**(Age Discrimination in Violation of Title VII)**

44. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 33, inclusive, as if fully set forth herein.

45. Defendant has discriminated against Plaintiff on the basis of her age (49) in violation of Title VII by denying her the same terms and conditions of employment available to employees who are younger than her, including but not limited to, denying her applications for promotion, refusing to consider her although she is a more qualified candidate, etc...

46. Defendant has discriminated against Plaintiff on the basis of her age in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy the pattern of hiring/promoting younger, less qualified, candidates.

47. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as sleeplessness, for which she is entitled to an award of monetary damages and other relief.

**FIFTH CAUSE OF ACTION**

**(Age Discrimination in Violation of "Age Discrimination in Employment Act")**

48. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 33, inclusive, as if fully set forth herein.

49. Defendant has discriminated against Plaintiff on the basis of her age (49) in violation of Title VII by denying her the same terms and conditions of employment available to employees who are younger than her, including but not limited to, denying her applications for promotion, refusing to consider her although she is a more qualified candidate, etc...

50. Defendant has discriminated against Plaintiff on the basis of her age in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy the pattern of hiring/promoting younger, less qualified, candidates.

51. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as

sleeplessness, for which she is entitled to an award of monetary damages and other relief.

### SIXTH CAUSE OF ACTION

### (Retaliation in Violation of Title VII)

52. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 33, inclusive, as if fully set forth herein.

53. Defendant has discriminated against Plaintiff on the basis of her race/color (Hispanic)and age in violation of Title VII by denying her the same terms and conditions of employment available to employees who are not Hispanic, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to advance, to work in an employment setting free of unlawfully hostile workplace.

54. Defendant has discriminated against Plaintiff on the basis of her race/color, national origin and age in violation of Title VII. Where Ms. Landis has placed complaints, advocated for students, asked for assistance, she has been met with retaliation. Retaliation included, but is not limited to, separating her from her team, denying her advancement, refusing to support her in her current role, undermining her authority, isolation her from her team, etc.…

55. As a direct and proximate result of Defendant's unlawful and retaliation in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as sleeplessness, for which she is entitled to an award of monetary damages and other relief.

### SEVENTH CAUSE OF ACTION

### (Negligent Hiring, Retention and Supervision)

56. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 33, inclusive, as if fully set forth herein.

57. Defendant has violated its duty as Plaintiff's employer to provide a safe workplace, to take reasonable steps to determine the fitness of Plaintiff's co-workers and supervisors and to reasonably supervise Plaintiff's co-workers and supervisors by, inter alia, failing and refusing to investigate and/or take appropriate disciplinary or other action in response to Plaintiff's repeated verbal and written complaints of discriminatory and harassing conduct by her co-workers and/or supervisors on the basis of her age, race/color, and national origin, including but not limited to, threats of poor evaluation (that directly impact her income and professional opportunities). Defendant had actual knowledge of the harm to which it was thereby exposing Plaintiff based on Plaintiff's repeated written and verbal complaints to her supervisors and Human Resources officials at the District, as well as Plaintiff's filing of a formal complaint with the EEOC (which was provided to the District).

54. As a direct and proximate result of Defendant's breach of duty to supervise, Plaintiff has been injured and has incurred damages thereby.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State of Colorado;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An order directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and harassing treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect her employment and personal life;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering and emotional distress;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

I. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: June 1, 2018

Respectfully submitted,

MORTON LAW OFFICE, P.A.
By: _____
Tarishawn Morton
2306 S. Colorado Blvd., #119
Denver, CO 80222
Phone: (720) 434-2293
Email: info@mortonlawofficepa.com
COUNSEL FOR PLAINTIFF

## PLAINTIFF SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. See 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.


/s/Tarishawn Morton (on behalf of Vicki Landis)
(Plaintiff's signature)

 06/18/2018
(Date)


(Revised December 2017)