IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–01581–JLK–KMT

VICKI LANDIS,

    Plaintiff,

v.

PUEBLO SCHOOL DISTRICT NO. 60,

    Defendant.

## ORDER

This matter is before the court on "Plaintiff's Motion to Reconsider Magistrate Toffoya's[1] (sic) Ruling on Plaintiff's Motion to Compel Defendant's Response to Request for Demographic Information & Supplemental Disclosure, Motion to Stay Proceedings, & Memorandum in Support." [Doc. No. 92.] Defendant filed its timely Response. [Doc. No. 98.]

On February 26, 2020 this court held oral argument on Plaintiff's previously-filed "Motion to Compel Responses to Written Discovery and to Compel Plaintiff to Verify the Responses" [Doc. No. 58], "Motion to Compel Deposition of Plaintiff" [Doc. No. 59], and Motion to Compel Demographic Data & Supplement Mandatory Disclosure" [Doc. No. 72]. The hearing lasted approximately one hour. [Doc. No. 79.] The "Motion to Compel Demographic

---

[1] The order in question was entered by Magistrate **Judge** Kathleen M. **Tafoya**.

Data & Supplement Mandatory Disclosure" was denied for the reasons set forth in detail on the record. (Transcript [Doc. No. 97].)

Plaintiff did not appeal this court's February 26, 2020 order to the District Court; instead she opted to file a motion for this court to reconsider the order. [Doc. No. 80.] The court reviewed the briefing of the parties and found,

> The court did not misapprehend the facts, in particular concerning the parties' diligence in obtaining discovery, nor did it misunderstand the arguments of Plaintiff's counsel concerning why she did not diligently pursue discovery relevant to her client's case. The ruling was not clearly in error.

(Order, April 2, 2020 [Doc. No. 86] at 2-3.) Plaintiff's Motion to Reconsider was denied.

Plaintiff now, over five months after the initial order was entered, and over three and a half months after her first motion to reconsider was denied, once again files a motion for this court to reconsider its February 26, 2020 ruling.

The Plaintiff, who has never appealed this court's decision to the District court, apparently argues that the court's ruling on the non-dispositive discovery issue should be consider a dispositive ruling, because of the effect of the ruling on Plaintiff's ability to try her case to a jury. As best this court can decipher, Plaintiff appears to argue that since she did not acquiesce to the Magistrate Judge's authority, the court lacked jurisdiction to have made such a dispositive ruling. (Mot. at 12.) Other than this argument, the Plaintiff simply rehashes the arguments she made both originally and on reconsideration.

28 U.S.C. § 636(b)(1)(A) provides,

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for

2

> failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

*Id*.  The statute goes on to state,

> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial[1] relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(B) & (C).

This court clearly had authority to rule on the motions. The motion was properly referred to this court and, had the Plaintiff appealed the ruling to the District Court, which she did not timely do, she might have been able to raise her issue with respect to the level of review which the District Court should apply. However, since she never sought review, the issue is moot.

As noted previously, "courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-CV-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015). "Thus, a motion for reconsideration is appropriate where the court has

3

misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Ebonie S. ex rel. Mary S. v. Pueblo Sch. Dist. 60*, No. 09-CV-00858-WJM-MEH, 2011 WL 1882829, at *1 (D. Colo. May 17, 2011). Once again, the court finds that no new relevant evidence has been presented to cause the court to reconsider its previous ruling. The court did not misapprehend the facts, in particular concerning the parties' diligence in obtaining discovery, nor did it misunderstand the arguments of Plaintiff's counsel concerning why she did not diligently pursue discovery relevant to her client's case. The ruling was not clearly in error.

The court finds that Plaintiff's motion herein is frivolous, vexatious and needlessly multiplies this litigation causing the School District to again incur attorney's fees to respond. It contains misstatements of fact and cites completely inapplicable law. The court did not award fees and costs to the Defendant on Plaintiff's previously-filed spurious Motion to Reconsider; however now that she is once again filing unwarranted motions to reconsider without proper legal basis, some method of deterrence must be employed. Courts have discretion to impose sanctions on any attorney, law firm, or other party that violates Rule 11(b) so long as the sanctions are "limited to what suffices to deter repetition of the conduct." *See Perkumpulan Inv'r Crisis Ctr. Dressel WBG v. Sherer*, No. 2:12-CV-952 DN, 2015 WL 730025, at *8 (D. Utah Feb. 19, 2015).

Therefore, it is

**ORDERED** that "Plaintiff's Motion to Reconsider Magistrate Toffoya's (sic) Ruling on Plaintiff's Motion to Compel Defendant's Response to Request for Demographic Information & Supplemental Disclosure, Motion to Stay Proceedings, & Memorandum in Support" [Doc. No.

92] is **DENIED.** For all the reasons set forth at the hearing, the court's Order [Doc. No. 79] will not be reconsidered or changed. It is further

**ORDERED** that Defendant's request for reimbursement of its reasonable expenses, including attorney fees, incurred in responding to the motion is **GRANTED**. Defendant shall file its calculation of fees and costs on or before **September 21, 2020**. The Plaintiff shall have ten days from the date of filing to object to the calculation of fees submitted by the Defendant.

Dated this 31st day of August, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge